## Owen Osborne Investment Co., Assignee, etc., v. McKeeman et al.

*Larzelere & Wright*, for petitioner.

DANNEHOWER, J., November 15, 1934.—Plaintiff filed this petition, within 6 months after sheriff's sale, to fix the fair value of real estate sold and enter a deficiency judgment, under the Act of January 17, 1934, P. L. 243. The required 10 days' notice was given defendants, who failed to appear or offer any testimony at the hearing.

The plaintiff, by assignment, became the owner of a bond and mortgage

executed by Samuel H. McKeeman, Martin McWilliams, and Joseph A. Meloney, dated December 9, 1925, and recorded in Mortgage Book no. 1065, page 477. Thereafter, the mortgagors did not convey the real estate, but two of them, Martin McWilliams and Joseph A. Meloney, were adjudged bankrupts, and Horace K. Thomas was appointed their trustee. Upon petition and after due consideration, the referee in bankruptcy granted leave to foreclose this mortgage.

On February 21, 1934, as of no. 463, November term, 1933, judgment for $120,156.63 was obtained upon a sci. fa. sur mortgage. A lev. fa. was issued, and the real estate was sold at sheriff's sale on March 28, 1934, to the petitioner for $850. The real estate covered by this mortgage consists of two unimproved tracts in Lower Merion Township, Montgomery County, Pa. The first tract has no roads leading to it, and contains 12.112 acres. The real estate expert called by the petitioner testified that the fair value of this tract on March 28, 1934, the date of the sheriff's sale, was $2,500 an acre, or a total of $30,280. The second tract has a frontage of 102.5 feet on Haverford Road, the fair value of which was fixed at $30 a front foot, or a total of $3,075. Therefore, according to the uncontradicted and credible testimony of plaintiff's real estate expert, the fair value of both tracts covered by this mortgage was $33,355. We hereby fix the fair value, which means the just, equitable, and reasonable worth of the real estate, at $33,355, as of March 28, 1934, the date of the sheriff's sale.

The petition, in addition to requesting the court to fix the fair value, asks that a deficiency judgment be entered. This we decline to do. A careful reading of the act discloses that the court is authorized only "to fix the fair value of the property sold." This may be done "by a judge of such court sitting without a jury, or may, by rule adopted by such court, be referred to a master for hearing and determination, subject to confirmation by the court. . . .

". . . any party may, during the period of notice required by this act, demand a jury trial, whereupon the fair value of the property shall be determined and fixed by a jury trial as in other cases."

We have here a judgment obtained upon a sci. fa. sur mortgage, not a judgment upon the bond. This judgment did not bind the mortgagors personally but was a judgment in rem or de terris, binding only the mortgaged property, and was discharged by the sheriff's sale. We fail to see how we can authorize the entry of a deficiency judgment which would be a general and personal one, using a discharged judgment in rem as the basis. The plaintiff has a right, by virtue of the accompanying bond and warrant of attorney, to confess judgment against the mortgagors, and in assessing the damages should give credit for the fair value of the property sold, as determined by the court. However, if the real estate was sold on a judgment entered on the obligation secured by the mortgage, the amount of the fair value could be deducted from the amount of the judgment, interest, and costs, and a deficiency judgment entered for the balance.

And now, November 15, 1934, the fair value of the real estate sold is fixed at $33,355, and for the reasons assigned we decline to order that a deficiency judgment be entered.     From Aaron S. Swartz, Jr., Norristown, Pa.